UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MARTIN RAY TWIST, CHEROKEE ENERGY COMPANY, LLC, MARTIN TWIST ENERGY COMPANY, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:05-cv-0187-JDT-WGH |
| JOSEPH ARBUSTO; DEAN CHARLES BAYER; JERRY and MERRILL HAAS, TRUSTEES OF THE JERRY AND MERRILL HASS TRUST; ROLAND B. LEONARD, TRUSTEE OF ROLAND B. LEONARD REVOCABLE TRUST; JOHN R. and FRANCINE A. MANIS, TRUSTEES OF THE MANIS FAMILY TRUST U.D.T. Dtd. FEBRUARY 11, 1983; STEVE COLDWELL SUCCESSOR TRUSTEE OF WILLIAM F. MARANO LIVING TRUST; DANIEL F. MCMASTER; BEVERLY CATHERINE ROMERO; ROY and RUTA SHELLEY; and GALE WHITAKER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFFS' MOTION FOR SEPARATE ARBITRATION HEARINGS (Doc. No. 94) AND MOTION TO STAY ARBITRATION PENDING COURT'S DECISION (Doc. No. 96)**[1]

A little more than a year ago, the Plaintiffs in this matter, who are Kentucky oil-and-gas developer Martin Ray Twist and his business entities, Cherokee Energy Company, LLC, and Martin Twist Energy Company, LLC, (collectively "Twist"), obtained

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

a court decision that, in effect, compelled a group of California residents (the "Investors") to take their state court claims of securities violations, fraud, and other wrongs to arbitration.[2]  Now Twist returns to this court seeking an order requiring the Investors, the nominal Defendants, to arbitrate their claims separately.

However, much has happened between these events.  While the court dealt with related attempts by Twist's alleged former attorneys and a sales representative to be included in the arbitration proceedings, the Investors began complying with the terms of their investment agreements.  They filed a request for arbitration with the American Arbitration Association ("AAA") on October 1, 2006, and paid an $8000 filing fee.  The Investors and Twist held several teleconferences with an AAA case administrator, during which they discussed the issue of holding separate arbitration hearings.

On January 22, 2007, the AAA appointed David B. Adcock to arbitrate the disputes between the parties.  Mr. Adcock held a preliminary hearing in February 2007, after which Twist submitted to the arbitrator a motion to deny the consolidation of claims and require separate proceedings with each of the Investors.  The parties submitted briefs, and on March 9, 2007, Mr. Adcock issued his ruling, denying Twist's motion.  Several days later, in agreement with the parties, he scheduled the beginning of arbitration for July 23, 2007.  To accommodate a scheduling conflict, he subsequently reset the start date to July 16, 2007.

---

[2]  For background on the underlying disputes between the parties, see the court's earlier entries in this litigation.

On April 29, 2007, Twist filed the motions pending before the court: Plaintiff's Motion That The Court Order That Each Defendant's Arbitration Be Conducted Separately (Doc. No. 94) and Plaintiff's Motion To Stay Arbitration Pending The Court's Ruling (Doc. No. 96). The motions have been briefed and the court rules as follows.

## I.  DISCUSSION

Twist and the Investors have framed two questions. First, does the court have the authority to determine if arbitration proceedings can be consolidated or must this issue be presented to the arbitrator? Second, if the court does have the authority to decide this issue, do the arbitration agreements permit such consolidation?

These questions, however, are not on point. They presume a very different procedural posture from the one in which the litigants stand. The Investors are not asking the court to consolidate arbitration proceedings. Nor is Twist seeking to prevent the Investors from doing so. Rather, Twist is asking the court to sever the parties in a proceeding that has already begun. Twist and the Investors have accepted Mr. Adcock's appointment and commenced arbitration, as shown by the preliminary hearing, the filing of briefs, and Mr. Adcock's subsequent decision denying Twist's request for separate hearings.

The immediate relevant questions are (1) did Twist waive its right to contest whether the arbitrator could decide whether the disputes could be consolidated, and (2), if so, can Twist appeal or collaterally attack Mr. Adcock's ruling by returning to this court?

3

It is familiar law that a court may require a party to arbitrate only those issues that it has agreed to arbitrate. *See, e.g.*, *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (declaring that "the arbitrability of the merits of a dispute depends on whether the parties agreed to arbitrate that dispute"); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (finding a court's first task in deciding whether to compel arbitration "is to determine whether the parties agreed to arbitrate the dispute")*.*

Setting aside the question of whether consolidation presents an arbitrability issue, an agreement to arbitrate may be implied when a party participates in an arbitration proceeding without objecting to the arbitrator's or panel's authority to hear the matter, or, as in this case, to decide a particular issue. *Carpenter Local No. 1027 v. Lee Lumber & Bldg. Material Corp.*, 2 F.3d 796, 799 (7th Cir. 1993) (stating that "the agreement to arbitrate a particular issue may be implied from the parties' conduct, including their actual litigation of that issue"); *see also Opals on Ice Lingerie v. Body Lines, Inc.*, 320 F.3d 362, 368 (2d Cir. 2003) (observing that "if a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration").

This general principle applies to arbitrations under the Federal Arbitration Act, 9 U.S.C. §§ 1-6, and under most state arbitration laws. *See* Uniform Arbitration Act 1956 § 12 (only allowing a court to vacate an arbitrator's award for lack of an arbitration agreement when a party had objected to the arbitrator deciding the issue). As the

4

Seventh Circuit has noted, this rule makes sense because "parties to a contract generally are free to modify their agreement, even if an arbitrator is not." *Lee Lumber*, 2 F.3d at 799.

The Investors suggest that Twist itself initially consolidated the Investors' disputes by initiating this litigation against all of them. (Defs.' Mem. Opp'n Separate Arbitration 15.) However, a careful reading of Twist's initial and amended complaints shows that it was envisioning the possibility of multiple arbitrations when it requested a court order directing that arbitration proceed in accordance with the contracts, "including the appointment of arbitrators." (Compl. 24; Am. Compl. 24.) The issue, however, is not whether Twist preserved its objections to consolidation but whether it objected, and preserved its objections, to having the arbitrator decide this issue.

Twist argues that the arbitrator exceeded his powers because the arbitration provision of the subscription agreements states "the arbitrator shall not have the authority to add to, detract from, or modify any provision of this Agreement." (*See* Pl.'s Mem. Supp. Separate Arbitrations 4.) Even assuming *arguendo* that this provision prohibited the arbitrator from consolidating the cases, it only restricted the arbitrator. It did not prohibit Twist or the Investors from modifying the agreement and submitting the consolidation issue to arbitration.

According to the Investors, they and Twist conferred by telephone with their case administrator several times after filing their demand for arbitration. "[D]uring . . . one of those teleconferences, counsel for the Twist Parties mentioned the issue of

deconsolidation, the Investors opposed such deconsolidation, and it was *deferred to the Arbitrator.*" (May 17, 2007, Decl. Marisa Janine-Page (Doc. No. 100) ¶ 3 .)  (Emphasis added.)  Although the use of the passive tense in this statement does not preclude the possibility that Twist objected to having the arbitrator decide the issue, Twist has not cited any evidence that it did so.

Moreover, the record itself is strong evidence that Twist freely elected to let the arbitrator tackle the question.  It filed a motion with Mr. Adcock to deny the consolidation of claims, and it did not object to Mr. Adcock's authority in its accompanying brief.  (*See* Pl.'s Exs. 2, 4  (Doc. No. 95).)  Nowhere, not even in the briefs before the court, does Twist assert that it voiced such an objection to Mr. Adcock.  Nor did it file any objection with this court prior to Mr. Adcock's decision.  Although it objects now, its after-the-verdict objection comes too late.  Twist waived its right to contest the arbitrability of this issue.

Having allowed the arbitrator to decide this issue, Twist cannot ask the court to overturn the ruling.  As the Seventh Circuit has stated, a district court has no authority to oversee an arbitration except to review, affirm, vacate, or modify an award as allowed by the Federal Arbitration Act.  *See Conn. Gen. Life Ins. Co. v. Sun Life Assurance Co. of Can.*, 210 F.3d 771, 774 (7th Cir. 2000) (stating that a district court "cannot mess in the arbitrators' procedures beyond the very limited extent permitted by sections 9 and 10 of the Federal Arbitration Act").  The Act does not provide for interlocutory appeals of issues that arise in the course of arbitration.

Although the court finds that Twist waived its right to contest the arbitrator's right to decide consolidation, neither of the parties directly briefed this issue. Ordinarily prudence would call for the court to issue an order to show cause, allowing Twist an opportunity to present evidence that it had objected to submitting the consolidation issue to arbitration, before denying the motions. In this case, however, such an order is not needed.

Although the court decides this issue on the basis of waiver, the court notes that even if Twist had objected to letting Mr. Adcock decide whether to consolidate – and preserved that objection – the court would still have to find in favor of the Investors, based on the Seventh Circuit's decision in *Employers Insurance Co. of Wausau v. Century Indemnity Co.*, 443 F.3d 573 (2006).

In this case, a primary insurer had sought to consolidate the arbitration of disputes arising from various reinsurance agreements on an insurance policy it had issued. The plaintiff, who was one of the reinsurers, sought a court order to require separate arbitrations for each reinsurance agreement, including each of two that it had issued. *Employers Ins.*, 443 F.3d at 574-575. The district court ordered that the arbitrator, not the court, was to decide this issue, and the Seventh Circuit affirmed. *Id.*

The court found, in the absence of any express arbitration provisions regarding consolidation, that the issue was a procedural one that should be decided by the arbitrator. *Id.* at 577. The court acknowledged that consolidation could be characterized as a gateway issue. *Id.* at 576. However, it was still basically the sort of

7

procedural issue growing out of the dispute that is presumptively for the arbitrator to decide.  *Id.* at 577 (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).

Twist has argued that the Supreme Court, in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452 (2003), allowed district courts to decide "certain gateway matters" on the assumption that, in the absence of clear and unmistakeable evidence to the contrary, the parties never intended to arbitrate such issues.  Twist argues that consolidation is such an issue (despite *Green Tree*'s holding that the question of class arbitration did not fall into the narrow exception for certain gateway matters, *id.* at 452). In support, it cites a non-precedential decision, *Gipson v. Cross Country Bank*, 354 F. Supp. 2d 1278 (M.D. Ala. 2005).  The Investors argue that *Gipson*'s facts are inapposite to Twist's, but this is unimportant because this court must follow the Seventh Circuit's guidance in *Employers Insurance*, not the Middle District of Alabama's.

In *Employers Insurance*, the Seventh Circuit examined *Green Tree* and found further support for its conclusion but did not rely on the plurality decision given the confusion over its precedential value.  "The Supreme Court made clear in *Howsam* [citation omitted] that procedural issues are presumptively for the arbitrator to decide. Consolidation is a procedural issue."  *Id.* at 581.  The burden was therefore on the plaintiff to show that the agreements "require[d] the court, rather than the arbitrator, to decide the consolidation issue."  *Id.*

8

Twist contends that this case differs because the arbitration agreements are not silent. It points to the previously mentioned clause prohibiting the arbitrator from adding to, detracting from, or modifying the agreements. (Pl.'s Br. Supp. Separate Arbitrations 4.) It argues that this language "clearly prohibits such joinder." (*Id.*) If, as *Employers Insurance* declares, consolidation is a procedural issue affecting how the dispute will be resolved, then it is far from clear that this language prohibits consolidation. Nor are other terms unambiguous. *See, e.g.*, *Conn. Gen. Life*, 210 F.3d at 775 (discussing the conflicting meanings of "dispute," which does not exclude disagreements between multiple parties, and "party," which normally implies a signer to an agreement). The agreements do not expressly prohibit consolidation. As in *Connecticut General*, there is no evidence that the parties even contemplated the question. So even if Twist had preserved an objection, it would not be able to overcome the presumption in this circuit in favor of letting the arbitrator decide the issue.

## II.  CONCLUSION

For the reasons stated above, the court **DENIES** Twist's Motion for Separate Arbitration Hearings (Doc No. 94). The court also DENIES the Motion to Stay Arbitration Pending Court's Decision (Doc. No. 96) as moot.

ALL OF WHICH IS ENTERED this 8th day of June 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William G. Hussmann, Jr.

Bryan J. Dillon
FORE MILLER & SCHWARTZ
bjdatty@aol.com

Marisa Janine-Page
PATRICIA A. MEYER & ASSOCIATES
mjaninepage@aol.com